# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARY ELAINE WHITE,

        Petitioner,

v.                                                     Case No. 17-13363

SHAWN BREWER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE

Petitioner Mary Elaine White has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is in the custody of the Michigan Department of Corrections, challenges her 2015 convictions for felony firearm and assault with intent to do great bodily harm less than murder. Now before the court is Petitioner's Motion to Stay Habeas Petition. (Dkt. #3.) For the reasons set forth below, the court will grant the stay and administratively close this case.

I.

A jury in Wayne County Circuit Court convicted Petitioner of assault with intent to do great bodily harm less than murder and possession of a firearm during the commission of a felony. On April 24, 2015, she was sentenced to 23 months to 10 years imprisonment for the assault conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.

On November 29, 2016, the Michigan Court of Appeals affirmed Petitioner's convictions but remanded to the trial court for a hearing pursuant to *People v.*

*Lockridge*, 870 N.W.2d 5502 (Mich. 2015). *People v. White*, No. 327418, 2016 WL 6995042 (Mich. Ct. App. Nov. 29, 2016). The Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by [the] Court." *People v. White,* No. 155150, 896 N.W.2d 438 (Mich. June 27, 2017).

Petitioner then filed this habeas corpus petition challenging her convictions on the grounds that her trial attorney rendered ineffective assistance and insufficient evidence supported her convictions. (Dkt. #1.) She also filed a motion for to stay this matter pending resolution of her sentencing claim on remand. (Dkt. #3.)

On November 3, 2017, the trial court declined to resentence Petitioner following a *Lockridge* hearing. (*See* Dkt. #7.) In her letter informing the court of the trial court's denial of resentencing, she asks that the court "proceed with [her] case." (Dkt. #7 Pg. ID 80.) But Petitioner's appeal from that denial remains pending in the Michigan Court of Appeals. *See People v. White*, No. 342996.

II.

Petitioner's application for leave to appeal the trial court's failure to resentence her on remand under *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), is pending in the Michigan Court of Appeals. Petitioner asks the court to stay the petition while she completes exhaustion of her state court remedies.

A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). In *Rhines*, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further

proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* at 278.

Petitioner's claims are not plainly meritless and are best addressed and decided firstly by the state courts. The interests of justice would not be served by the state appeal and this petition proceeding simultaneously. The court anticipates no prejudice to Respondent in staying the petition. Petitioner also asserts good cause for failure to exhaust her state court remedies because her sentencing claim could not be raised on appeal until the trial court completed proceedings on remand. Further, outright dismissal of the petition could jeopardize the timeliness of a future petition.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To resume this case, Petitioner must move this court to lift the stay within sixty days of completing the exhaustion of her state court remedies. *See Hargrove v. Brigano*, 300 F.3d 717, 718 (6th Cir. 2002). If Petitioner does not file a motion to lift the stay within sixty days of the conclusion of state court proceedings, this case will remain closed.

III.

For the reasons stated above,

IT IS ORDERED that Petitioner's Motion to Stay Petition (Dkt. #3) is GRANTED. These proceedings are STAYED and this petition is HELD IN ABEYANCE while Petitioner completes state court review.

If Petitioner wants to resume this case after completion of state court review, Petitioner must file a motion to lift the stay within sixty days of the conclusion of state court proceedings.

IT IS FURTHER ORDERED that, to avoid any administrative difficulties, the Clerk of Court is directed to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/Robert H. Cleland            /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner            /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6525

S:\Cleland\Cleland\KNP\2254\17-13363.WHITE.Grant.Stay.mbc.KNP.docx