UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ELAINE WHITE, # 500202,

        Petitioner,                     Case Number: 17-cv-13363

v.

JEREMY HOWARD,[1]

        Respondent.

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Michigan prisoner Mary Elaine White filed this habeas corpus petition under 28 U.S.C. § 2254. She challenges her 2015 convictions for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b. She seeks relief on the grounds that insufficient evidence supports her felony-firearm conviction and she received ineffective assistance of counsel. The court holds that these claims lack merit and denies the petition.

---

[1] Jeremy Howard is now the warden of the Huron Valley Correctional Facility, where Petitioner is incarcerated. Accordingly, the Court amends the caption to reflect the proper respondent. *See* Rule 2, Rules Governing Section 2254 Cases.

## II.  BACKGROUND

On September 1, 2014, Petitioner and her boyfriend, Charles Rooker, argued in the driveway of the home they shared.  (ECF No. 14-11, PageID.637-38.)  Rooker punched Petitioner in the face three or four times.  (*Id*. at 638.)  After he did so, she drove away.  (*Id.* at 640.)  A short time later, Rooker was standing outside the home when he saw Petitioner's brother, Robert Earl White, speeding toward the home.  (*Id.* at 645.)  Rooker retreated inside the home.  (*Id.* at 647.)  Rooker saw Robert Earl White exit the vehicle carrying a handgun.  (*Id*.)  Petitioner then drove up in her vehicle and she and Robert approached the home together.  (*Id.* at 651.)  Petitioner inserted the key into the lock, but Rooker held the door closed to prevent them from coming in.  (*Id.* at 652-54.)  Petitioner and Robert started yelling at Rooker.  (*Id.*)  Rooker told them to leave or he would call the police.  (*Id.* at 654-55.)  Rooker heard Petitioner say, "Fuck that.  Get him.  Kill him."  (*Id.* at 655.)  Rooker was attempting to hold the door shut while calling 911.  (*Id.* at 656.)  He then heard four or five gunshots and was struck in the stomach and back.  (*Id.* at 657, 663.)  Petitioner and her brother then drove away in separate cars.  (*Id.* at 659.)

A jury in Wayne County Circuit Court convicted Petitioner of assault with intent to do great bodily harm less than murder and possession of a firearm during the commission of a felony.  On April 24, 2015, she was sentenced to 23 months to 10 years imprisonment for the assault conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.  On November 29, 2016, the Michigan Court of Appeals affirmed Petitioner's convictions but remanded to the trial court for a hearing pursuant to *People v. Lockridge*, 870 N.W.2d 5502 (Mich. 2015).  *People v.*

*White*, No. 327418, 2016 WL 6995042 (Mich. Ct. App. Nov. 29, 2016).  The Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by [the] Court."  *People v. White*, No. 155150, 896 N.W.2d 438 (Mich. June 27, 2017).

On remand, the trial court declined to resentence Petitioner.  *People v. White*, No. 342996, 2019 WL 1140290, at *1 (Mich. Ct. App. Mar. 12, 2019).  Petitioner filed an appeal in the Michigan Court of Appeals arguing that she was entitled to resentencing because the trial court failed to provide an adequate explanation for the sentence imposed.  *Id.* The state court held that the trial court adequately explained its decision not to resentence Petitioner and did not abuse its discretion by denying her motion for resentencing.  *Id.* at *3.  Petitioner did not seek leave to appeal in the Michigan Supreme Court.  *See* Aff. of Larry Royster (ECF No. 14-19, PageID.1293).

Petitioner filed her habeas corpus petition in 2017.  The court stayed proceedings because Petitioner's application for leave to appeal following remand was pending in the Michigan Court of Appeals.  (ECF No. 1.)  The court granted Petitioner's motion to lift the stay after the court of appeals denied her appeal.  (ECF No. 10.)

The petition raises these claims for relief:

I.  Petitioner's felony firearm conviction is based on insufficient evidence that she possessed a gun or aided and abetted her brother in doing so.

II.  Petitioner's attorney failed to object to a verdict form and jury instructions that were defective, and Petitioner was consequentially convicted.  Her right to counsel was therefore not furnished.

3

### III.  STANDARD

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotations omitted).  A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted).  The Supreme Court

4

has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. A federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* For claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. DISCUSSION

### A. Sufficiency of the Evidence

Petitioner's first claim concerns the sufficiency of the evidence. She argues that insufficient evidence supports her felony-firearm conviction, which was based on an aiding and abetting theory.

To establish the offense of aiding and abetting felony firearm under Michigan law, it must be shown that:

> [T]he defendant performed acts or gave encouragement that assisted in the commission of the felony-firearm violation, and that the defendant intended the commission of the felony-firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement.

*People v. Moore*, 470 Mich. 56, 68 (2004). "[W]hen a defendant specifically encourages another possessing a gun during the commission of a felony to use that

5

gun, he aids and abets the carrying or possessing of that gun just as surely as if he aided or abetted the principal in obtaining or retaining the gun" *Id.* at 71.

Applying these standards, the Michigan Court of Appeals found that the evidence was sufficient to support Petitioner's conviction as an aider and abettor:

> Here, REW [Robert Earl White] arrived at the house with a gun, and MEW [Petitioner] arrived shortly thereafter in her own vehicle. There was evidence that both defendants yelled for the boyfriend to come outside. An eyewitness testified that he saw a woman "hyping it up," and the boyfriend testified that MEW yelled, "F—— that. Get him. Kill him," or "Get that mother. Kill him." A police officer who responded to the scene testified that MEW's boyfriend asserted that MEW had said, "Shoot this mother." And then several shots were fired through the door, hitting the boyfriend. Viewing this evidence in a light most favorable to the prosecution, the jury could find that MEW encouraged REW's use of the weapon by directing him to shoot or kill the boyfriend. *Moore*, 470 Mich. at 71. Thus, MEW aided and abetted REW's possession of the firearm by specifically encouraging him to use the gun in his possession. *Id.* MEW's arguments to the contrary are unavailing, and reversal is unwarranted.

People v. White, No. 327418, 2016 WL 6995042, at *2 (Mich. Ct. App. Nov. 29, 2016).

The Michigan Court of Appeals' decision was not contrary to, or an unreasonable application of, Supreme Court precedent. "[T]wo layers of deference" apply to a sufficiency of the evidence claim. *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted)). Second, if the court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

6

Petitioner does not satisfy this two-level standard of review. She does not show that the state court's decision was unreasonable nor does she call into doubt any of the state court's factual determinations. Petitioner maintains that because "[a]t no time during the convicted offense did [she] have in her possession a gun" she could not be convicted of felony firearm. *See* Pet. at 13 (ECF No. 1, PageID.13) (emphasis in petition). But the prosecution was not required to show that Petitioner possessed the gun because she was charged and convicted as an aider and abettor. Testimony that Petitioner urged her brother to shoot or kill Rooker was sufficient for a finding that she encouraged the use or possession of a firearm by her brother.

In light of the deference owed to the state court's decision, the court concludes that Petitioner fails to clear the "nearly insurmountable hurdle" for petitioners seeking habeas relief on sufficiency-of-the-evidence grounds. *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2008) (internal citation omitted).

## B. Ineffective Assistance of Counsel Claim

In her second claim, Petitioner seeks habeas relief on the ground that defense counsel was ineffective in failing to object to the jury verdict form and associated jury instructions. She maintains that the jury verdict form and instructions were confusing and implied that the jury had to find Petitioner guilty of either assault with intent to murder or assault with intent to do great bodily harm less than murder.

A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an

7

objective standard of reasonableness." *Id.* at 688.  To establish that prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The standard for obtaining habeas corpus relief is "'difficult to meet.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (*quoting Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)).  Obtaining habeas corpus relief for an ineffective assistance of counsel claim is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted).  "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

The relevant portion of the jury verdict form read:

You may return only one verdict on each of these charges.  Mark only **one** box for each count.

### Count 2:  Assault with Intent to Murder

❑ Not Guilty

❑ Guilty of Count 2: Assault with Intent to Murder

❑ Guilty of Count 3: Assault with Intent to do Great Bodily Harm Less than Murder

*White*, 2016 WL 6995042 at *3.

8

The Michigan Court of Appeals applied the *Strickland* standard and held that counsel's performance was not deficient because the verdict form was not defective. *Id.* The verdict form allowed the jury to find Petitioner not guilty of either assault with intent to murder or assault with intent to do great bodily harm less than murder, or not guilty of both. *Id.* The state court "could not envision that the jury was of the belief that it was not permitted to render a general not-guilty verdict relative to the assault." *Id.* It was, the court reasoned, "simply not logical" to surmise that once the jury determined that Petitioner was not guilty of assault with intent to murder the jury believed the instructions compelled a verdict of guilty of assault with intent to commit great bodily harm. *Id.*

It was reasonable for the state appellate court to conclude that counsel decided not to object to the verdict form or instructions for the simple reason that they adequately conveyed the jury's choices. *Accord Meridy v. Ludwick*, No. 17-2006, 2018 WL 4191337, at *3 (6th Cir. May 21, 2018) (holding that verdict form that presented three options -- not guilty, guilty of first-degree premeditated murder, or guilty of the lesser offense of second-degree murder – did not deprive the petitioner of a fair trial because the form gave the jury the option of returning a general not-guilty verdict). Further, even assuming that counsel performed deficiently, the Michigan Court of Appeals reasonably applied *Strickland* when the state court determined that Petitioner was not prejudiced by any error because there was strong evidence of her guilt. *Id.*.

Petitioner is unable to overcome the strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Habeas relief is denied.

9

### III.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the court denies a certificate of appealability.

### IV.  CONCLUSION

For the reasons set forth above, the court finds that Petitioner is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 11, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 11, 2021, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522